IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HAYTHAM ALBIZEM AND FARRAH ALIMAN : CIVIL ACTION
:
v. :
:
ROBERT J. MINTZ, ESQUIRE : NO. 11-CV-2004

MEMORANDUM AND ORDER

Ditter, J.                                                                                          May 23, 2012

This case comes before me on Defendant's motions to dismiss Plaintiffs' professional liability complaint: first, arguing that the statute of limitations has run and Plaintiffs failed to state a claim (Dkt. # 4); and second, for Plaintiffs' failure to file a certificate that their case has merit as required under Pennsylvania law (Dkt. # 10). For the reasons that follow, I shall consider both motions and dismiss the complaint.

The facts are relatively simple. Defendant is an attorney who maintains an office in California and who is admitted to practice there. He advertises widely that he will furnish services in the areas of estate planning and tax saving. Plaintiffs are Pennsylvania residents who engaged him and paid him a considerable fee, but now assert that the information and documents he sent them were worthless and in fact cost them money for which they received no benefit.

Plaintiffs filed a six count complaint charging breach of contract, unjust enrichment, detrimental reliance, unfair trade practices, negligent misrepresentation, and unconscionability. Plaintiffs acknowledge that each count is based upon Defendant's alleged failure to provide

-1-

appropriate legal services.

As a preliminary matter, the parties disagree about the appropriate state law to be applied in this case. Defendant contends that California law applies because his practice is in California, the retainer agreement was prepared there, the documents provided to Plaintiffs were prepared there, and the terms of the agreement between the parties provide for dispute resolution under the California Bar Association's arbitration procedures. Plaintiffs contend that the documents were prepared for use in Pennsylvania and therefore Pennsylvania's four-year limitation period for breach of contract claims applies and the complaint is timely. I need not decide the issue because under both California law and Pennsylvania law this complaint must be dismissed. If California law applies, the statute of limitations is one year and the complaint is barred.

Having conceded that this case is grounded in legal malpractice, Plaintiffs were required by Pennsylvania law to file a certificate of merit. *See* Pa. R. Civ. P. 1042.3. Numerous cases have held that Rule 1042.3 is state-substantive law and is therefore to be applied in federal court. It provides that in any malpractice action a plaintiff's attorney shall file a certificate of merit, that is, a written statement that there exists a reasonable probability that the defendant's care, skill, or knowledge in the matter which is the subject of the complaint fell outside acceptable professional standards. Cases, both state and federal, have interpreted the rule to provide equitable considerations where a certificate of merit is filed late. Equitable relief is not available, however, where there has been no filing at all. Here there has been none and the time requirements have long-since run. Defendant's motion to dismiss is based on the absence of a certificate of merit

Plaintiffs respond to Defendant's motion to dismiss with two arguments.

First, Plaintiffs assert that a statute of limitations defense cannot be raised by a motion to

dismiss.  They are wrong.  Numerous cases have held that whether there is a need for a certificate of merit, whether it has been timely filed, and whether equitable considerations apply may, all be raised by a motion to dismiss.

Second, although agreeing that Defendant is admitted to practice law in California,[1] Plaintiffs contend that his furnishing legal services to them constituted practicing law in Pennsylvania, where he is not admitted, and therefore may not practice.  According to Plaintiffs this means that no certificate of merit is required because Defendant is not a "licensed professional," the term used in Pa. R. Civ. P. 1042.3 to designate who must file a certificate of merit.  In making this argument, Plaintiffs first point to Pa. R. Civ. P. 76 which defines various terms used in the Rules of Civil Procedure and specifically, an "attorney at law [as] an individual admitted to practice law by a court of record of this Commonwealth."  Plaintiffs then point to Pa. R. Civ P. 1042.1(c) which lists "an attorney at law" as among those professionals to whom the certificate of merit requirements apply.  In other words, Plaintiffs contend that because Defendant has not been "admitted to practice law by a court of record" *in Pennsylvania* he is not "an attorney at law" and therefore no certificate of merit is required in this suit against him.

It is a very clever argument.  In making it, Plaintiffs read Pa. R. Civ. P. 76, 1042.1 (a), 1042 (c)(1), and 1042(c)(2) correctly.  Somehow, they missed Pa. R. Civ. P. 1042(c)(3) which says that a certificate of merit is required when suit is brought against "any professional described in paragraphs (1) and (2) who is *licensed by another state*." (emphasis added).

Defendant is licensed to practice in California.  The rules apply to him.  Regretfully, I

---

[1] In fact they allege it in their complaint and response to Defendant's motion to dismiss, where Defendant also asserts it.

must dismiss the complaint.  Nothing would be served by my allowing Plaintiffs to amend – the time limits prescribed by the rules had run when Defendant's present motion to dismiss was filed.

An appropriate order follows.